No. 20,225.

EVERETT H. SPARKS *v.* FLOYD L. RATHBUN.
(381 P. [2d] 812)

Decided May 13, 1963. Rehearing denied June 3, 1963.

Messrs. PETERSEN, EVENSEN and MATTOON, for plaintiff in error.

Mr. CHARLES D. PIERCE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in reverse order to their appearance in the trial court. We refer to them by name.

On December 29, 1960, Rathbun commenced this action seeking to recover from Sparks possession of two diamond rings and a wrist watch.

Sparks by answer set up as an affirmative defense the fact that the rings and watch were delivered and pledged to him by Rathbun as security for an indebtedness, and that said indebtedness has never been paid, and that he, Sparks, is entitled to retain possession until the debt is paid.

Trial was to the court and at the conclusion thereof the court made findings to the effect that the loan for which the rings and watch were pledged as security had been fully paid and that the security should be returned to Rathbun.

Sparks is here seeking reversal, contending that the loan was paid by his money and not the money of Rathbun, and that the court's finding to the contrary is not supported by any evidence.

The parties agree that during the period from November 20, 1953, to March 14, 1955, Sparks loaned or caused to be loaned to Rathbun, Sparks being directly answerable therefor, a total of $112,000.00. Sparks borrowed $77,000.00 of this amount from the First National Bank of Denver and in turn loaned it to Rathbun.

From the record it appears that on January 7, 1955, Sparks and Rathbun went to the First National Bank of Denver seeking money for Rathbun. At that time, as makers, they signed a note for $12,000.00 (part of the $77,000.00) payable to the bank. This note was secured by shares of stock of Western Oil Fields, Inc., stock of Royal Gorge Packing Co., the certificates therefor having been issued in the name of Sparks, together with an

assignment of proceeds from oil and gas produced from certain leases in Oklahoma "described in the first paragraph of said letter" dated November 13, 1953.

This $12,000.00 was turned over to Rathbun, who at that time delivered and pledged the rings and watch in question to Sparks as security for payment to Sparks of the $12,000.00.

The security was left by Sparks with the bank for safekeeping; the bank claimed no interest in it.

Prior to April 30, 1955 (dates and amounts of payments not disclosed), the bank received payment of its loans totaling $77,000.00 and interest. Payment came from the oil royalties, disposition of the Western Oil Fields, Inc. stock and $4,321.00 presumably paid by Sparks.

The parties are in agreement that the rings and watch were pledged as security for the $12,000.00 loan. They disagree as to whether the security was to be held for a loan of $2,000.00 made by Sparks to Rathbun subsequent to the $12,000.00 loan.

Sparks contends that the $12,000.00 bank loan was paid with his funds, whereas Rathbun contends that the loan was paid from oil royalties and Western Oil Field, Inc. stock, which royalties and stock, though standing in the name of Sparks, actually belonged to Rathbun.

The only documentary evidence offered or before us is the $12,000.00 note bearing the bank stamp, "Paid April 29, 1955."

Only three witnesses testified — the parties and an officer of the bank. The bank officer testified as to making a loan of $12,000.00 to Sparks at whose request Rathbun signed the note. He testified that the rings and watch were not taken by the bank as security, but were held by the bank for safekeeping subject to the orders of Sparks. Strangely, he offered no clue as to how, when or from whom the bank received payment of its $77,000.00 loan and interest.

Sparks and Rathbun were equally adept in concealing

significant information that might be helpful to the court in determining who owned the oil royalties or the Western Oil Field, Inc. stock.

Documentary evidence such as cancelled checks, paid notes (except for the $12,000.00 note), credit slips, oil leases, assignments of royalties, stock certificates, the letter dated November 18, 1953, is noticeable by its absence. Details as to just how, when and by whom the bank was paid remain a well-guarded secret.

The trial court found that the rings and watch were delivered and pledged by Rathbun to secure the payment of only the $12,000.00 note; and

"4. That thereafter monies belonging to the plaintiff were paid into the First National Bank of Denver, Colorado, and were applied by the defendant to the payment of the particular debt for which the articles were pledged and that said debt was paid in full."

Based on these findings, the trial court entered judgment in favor of Rathbun, awarding to him possession of the rings and watch.

█ Sparks claims and Rathbun admits that he still owes Sparks some $38,000.00, but denies that any of this balance is secured. Sparks claims that $14,000.00 of this indebtedness is secured by the rings and watch.

Sparks had only a security interest in the rings and watch. As an affirmative defense he alleged that the indebtedness for which they were pledged as security remains unpaid. The burden was upon him to establish this allegation.

The court found that the secured indebtedness was paid, and further, that it was paid by funds belonging to Rathbun. There is evidence in the record to sustain this finding. It follows that Rathbun was entitled to the return of his security.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE McWILLIAMS concur.